### CELKE v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 10314. Decided November 25, 1929

Mr. Louis Fernberg, Esq., Cleveland, for Celke.

Mr. L. O. Payne, Esq., Cleveland, for State.

VICKERY, PJ.

Celke claims that he had rented this place in the rear of the front house to somebody,—a man by the name of Shimmel,—but Shimmel was not produced and whether he was a tenant there is seriously disputed; but it is in the record that the plaintiff in error gave the officer the keys to the property, after having denied that he owned it, and that the officers went back there and found the liquor. As already stated in the immediate vicinity, about fifty feet away, Celke owned a billiard and pool parlor.

Lieutenant Snyder testifies that Celke when arrested admitted that this liquor was his and that he sold it for 25c a drink and one dollar a pint, and Celke admits that he said this in substance, but adds that he was "just kidding" with the officer, that he knew him, and that they were "kidding" back and forth. Well, sometimes, "kidding" does not pay, and apparently from the view the court below took of it, it did not pay the plaintiff in error in this case, because he took his so-called "kidding" in dead earnest.

Now we have in the record then the fact that Celke owned the property; that he had the keys to the property which he probably would not have had if it had been bona fide rented to some other person, and we find the liquor there in that house. We find he carried on a billiard and pool parlor in close proximity to it and we find him admitting that he owned the liquor and sold it for 25c a drink or one dollar a pint. Of course, he says this was kidding.

Under the circumstances, the court had the parties before it and could tell whether Celke acted as if it was a kidding match between him and Lt. Snyder and the other officers, or whether the facts warranted the court in coming to the conclusion that this man owned the liquor.

It is admitted that the liquor was fit for beverage purposes; that it contained 45% alcohol by volume and we think from the whole record that the evidence shows that Celke was guilty as charged in the affidavit and that the evidence warrants the conviction. At least the judgment of the court is not so manifestly against the weight of the evidence that a reviewing court would be justified in disturbing it.

The judgment will, therefore, be affirmed.

Sullivan and Levine, JJ., concur.